**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GIBSON PRODUCTS COMPANY OF WASHINGTON PARISH, LA., INC., Respondent.**

No. 27224.

United States Court of Appeals Fifth Circuit.

Dec. 16, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Nan C. Bases, Atty., NLRB, Washington, D. C., John F. LeBus, Director, Region 15, NLRB, New Orleans, La., for petitioner.

David A. Lang, Samuel Lang, New Orleans, La., for respondent.

Before GOLDBERG, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions this court for enforcement of an order directing Gibson Products Company to cease and desist from certain unfair labor practices and to bargain collectively upon request of the Retail Clerk's Union Local No. 390 of Bo-

galusa, Louisiana. The case arose after the Union requested recognition from Gibson, which request was based on authorization cards signed by at least 20 of the 34 Gibson employees in an appropriate unit. Gibson asked for an election and the Union agreed. The Union, however, insisted that an election was unnecessary in view of the fact that it had received a majority of the authorization cards.

The details for holding the election were never settled because the Union representative was unsuccessful in attempts to meet with Gibson's attorney. Subsequently both Gibson and the Union filed petitions for an election with the Board. The Union then filed unfair labor practice charges with the Board and the election was never held.

At the hearing on the unfair labor practice charges the Trial Examiner found that Gibson violated Section 8(a)(1) of the National Labor Relations Act by engaging in various interdicted activities, including interrogating employees concerning their union activities, giving the impression of surveillance of union meetings, withdrawing and threatening to withdraw employee privileges because of union activities, and promising benefits to induce employees to abandon the Union. In addition, the Trial Examiner found that Gibson violated Section 8(a)(5) by refusing to bargain collectively with the Union.

The Board adopted the Trial Examiner's findings, ordered Gibson to cease and desist from these unfair labor practices, and ordered that Gibson bargain collectively with the Union. Gibson does not contest the findings of § 8(a)(1) violations but insists that there was no § 8(a)(5) violation, and asserts that even if there was a refusal to bargain, a bargaining order is not justified.

The findings and bargaining order of the Board must be read with the luminous hindsight furnished by N. L. R. B. v. Gissel Packing Co., Inc., 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547, wherein the Supreme Court removed any lurking or lingering doubts about the viability of authorization cards to create a duty to bargain, and, when combined with unfair labor practices, to justify a bargaining order. We applied the teachings of Gissel in N. L. R. B. v. American Cable Systems, Inc., 5 Cir. 1969, 414 F.2d 661, and said that a bargaining order may issue when

"(a) the union had valid authorization cards from a majority of the employees in an appropriate bargaining unit; (b) the employer's unfair labor practices, although not 'outrageous' and 'pervasive' enough to justify a bargaining order in the absence of a card majority, were still serious and extensive; (c) 'the possibility of erasing the effects of past practices and of ensuring a fair election (or a fair rerun) by the use of traditional remedies, though present, is slight'; and (d) employee sentiment can best be protected in the particular case by a bargaining order. * * *" 414 F.2d at 668.

In the instant case the validity of the union cards and their majority status is unquestioned. Also clear is the existence of certain employer unfair practices. However, the Board made no finding as to whether these violations so contaminated the electoral atmosphere that "the possibility of erasing" their effects and "ensuring a fair election" was "slight." Nor did the Board determine whether "employee sentiment" could "best be protected" in this case by a bargaining order. We therefore remand to the Board for more specificity in such findings and conclusions.

Enforced except as to the order to bargain collectively and remanded as directed herein with regard to that issue.